Catalina MORALES, et al., Plaintiffs,

v.

**WALKER MOTORS SALES, INC, et al., Defendants.**

No. C–3–98–002.

United States District Court, S.D. Ohio, Western Division.

Sept. 22, 2000.

---

Ronald Burdge, Dayton, OH, for plaintiffs.

Michael Sandner, Dayton, OH, James Ball, Columbus, OH, Daniel Buckley, Cincinnati, OH, for defendants.

**DECISION AND ENTRY SUSTAINING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT WALKER MOTORS SALES, INC. (DOC. # 25); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFFS; TERMINATION ENTRY.**

RICE, Chief Judge.

On or about June 19, 1997, Plaintiffs Catalina Morales ("Morales") and Raphael Ruiz ("Ruiz") contracted to purchase a 1993 Chevrolet Lumina from Defendant Walker Motors Sales, Inc. ("Walker").[1]

---

1. Since this case is before the Court on Walker's Motion for Summary Judgment (Doc. # 25), the Court sets forth the circumstances giving rise to this litigation in the manner most favorable to the Plaintiffs.

As part of that transaction, the Plaintiffs entered into a financing arrangement, whereby they borrowed the purchase price of that automobile from Defendant National City Bank ("NCB"). To accomplish that end, the Plaintiffs, while at the car dealership, filed out a loan agreement using a blank form supplied by NCB.

In this litigation, the Plaintiffs claim that the Defendants violated the Ohio Consumer Sales Practices Act ("OCSPA"), Chapter 1345 of the Ohio Revised Code, and a rule adopted by the Federal Trade Commission ("FTC"), relating to holder-in-due-course status ("FTC Holder Rule" or "Rule"), 16 C.F.R. § 433, *et seq.* Under that Rule, it is an unfair or deceptive act or practice for a seller of consumer goods to take or to receive a consumer credit contract which fails to contain the following provision in at least ten-point, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. ·

16 C.F.R. § 433.2(a). Although the requisite notice appears in bold on the back side of the Plaintiffs' loan agreement with NCB, they contend that the notice is printed in less than ten-point type.[2] The Plaintiffs contend that this shortcoming violated the FTC Holder Rule and the OCSPA. Although the Plaintiffs have brought this litigation as a class action, they have not requested that this Court certify it as such.

This case is now before the Court on Walker's Motion for Summary Judgment (Doc. # 25).[3] As a means of analysis, the Court will initially set forth the standards which are applicable to all such motions, following which it will turn to the parties' arguments in support of and in opposition to the instant such motion.

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323, 106 S.Ct. 2548. *See also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden

---

**2.** There is no evidence or contention before the Court from or by Walker that the notice was printed in at least ten-point type.

**3.** This litigation is a companion case to *Morales, et al. v. National City Bank,* Case No. C–3–98–001 (S.D.Ohio), wherein Morales and Ruiz allege that NCB violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq,* during the same transaction which serves as the basis for this litigation. NCB filed a motion in Case C–3–98–001, seeking summary judgment on the claims set forth in both cases. Subsequently, however, Plaintiffs settled their claims with NCB. *See* Doc. # 27 in Case No. C–3–98–001.

of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also Michigan Protection and Advocacy Service, Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of that party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the factfinder. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). *See also L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.*, 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.*,

953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment...."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

Walker contends that it is entitled to summary judgment on Plaintiffs' claims under both the FTC Holder Rule and the OCSPA. As a means of analysis, the Court will initially discuss the Plaintiffs' federal claim, following which it will turn to their state law claim.

*I. FTC Holder Rule*

■■■ Walker argues that it is entitled to summary judgment on the Plaintiff's claim under that Rule, because an implied private right of action to enforce it does not exist.[4] This Court agrees. Although the Sixth Circuit has not addressed this precise issue, it has indicated that federal regulations themselves cannot create a private right of action, since that authority is within the exclusive province of Congress, and that, therefore, the issue of whether there is a private right of action under a particular regulation can be ascertained only by examining the congressional legislation under which it was promulgated. *Smith v. Dearborn Financial Services,* 982 F.2d 976, 979 (6th Cir.1993) (holding that there is not an implied private right of action under regulations adopted pursuant to the Federal Credit Union Act, 12 U.S.C. § 1751, *et seq.,* since no such cause of

action exists under that statute). The FTC Holder Rule was adopted pursuant to § 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, which outlaws unfair and deceptive acts and practices in or affecting commerce. *See* 16 C.F.R. § 433.2 (indicating that failure to include the requisite notice is a deceptive and unfair practice under § 5 of the FTCA). Courts have uniformly held that a private right of action does not exist under § 5 of the FTCA. *See e.g., American Airlines v. Christensen,* 967 F.2d 410 (10th Cir.1992); *Fulton v. Hecht,* 580 F.2d 1243 (5th Cir. 1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979); *Alfred Dunhill, Ltd. v. Interstate Cigar Co.,* 499 F.2d 232 (2nd Cir.1974); *Holloway v. Bristol–Myers Corp.,* 485 F.2d 986 (D.C.Cir.1973); *Carlson v. Coca–Cola Co.,* 483 F.2d 279 (9th Cir.1973); *St. Martin v. KFC Corp.,* 935 F.Supp. 898 (W.D.Ky.1996); *Child World, Inc. v. South Towne Centre, Ltd.,* 634 F.Supp. 1121 (S.D.Ohio 1986). In *Holloway,* the District of Columbia Circuit explained that, in enacting § 5, Congress had intended that the FTC, a highly specialized administrative agency, decide whether a particular act constituted an unfair or deceptive practice and that courts deciding lawsuits filed by private individuals would disrupt that carefully constructed administrative process. Based upon that persuasive rationale, as well as the uniform authority holding that an implied private right of action under § 5 of the FTCA does not exist (authority which includes a decision by the undersigned, *Child World, supra* ), this Court holds that such a right of action does not exist. Given that no implied private right of action exists in the statute, under which the FTC Holder Rule was adopted, this Court is compelled to conclude, in accor-

---

4. The FTC Holder Rule does not contain an    express private right of action.

dance with the analytical framework established by the Sixth Circuit in *Dearborn Financial Services, supra,* that a private right of action does not exist for a violation of that Rule. Moreover, every court considering the question has rejected the proposition that a private right of action exists under the FTC Holder Rule. *See e.g.,Bartels v. Alabama Commercial College, Inc.,* 918 F.Supp. 1565, 1570 (S.D.Ga.1995); *Williams v. National School of Health Technology,* 836 F.Supp. 273, 283 (E.D.Pa. 1993).

Accordingly, this Court sustains Walker's Motion for Summary Judgment (Doc. # 25), to the extent that, with that motion, it seeks summary judgment on Plaintiff's claim under the FTC Holder Rule.

## II. OCSPA

■ The Plaintiffs also claim that the failure to print the requisite notice in at least ten-point type, in contravention of the FTC Holder Rule, violated the OCSPA. In particular, the Plaintiff contends that Walker's actions in that regard constituted an unfair or deceptive act or practice in connection with a consumer transaction, in violation of Ohio Revised Code § 1345.02(A), and/or constituted an unconscionable act or practice in connection with such a transaction, in violation of Ohio Revised Code § 1345.03(A). For reasons which follow, this Court concludes that failure to print the requisite notice in at least ten-point type did not violate either § 1345.02(A) or § 1345.03(A), and that, therefore, Walker is entitled to summary judgment on the Plaintiff's claim under the Ohio statute. The Court begins by discussing § 1345.02(A), following which it will turn to § 1345.03(A).

As is indicated, unfair and deceptive acts and practices are prohibited by § 1345.02(A). When interpreting § 1345.02(A), courts are directed to give great weight to rules issued by the FTC pursuant to § 5 of the FTCA. Ohio Rev. Code. § 1345.02(C). Thus, this Court will assume for present purposes that the failure to include the notice required by the FTC Holder Rule in a loan agreement would constitute an unfair or deceptive act, in violation of § 1345.02(A). However, in this case, the Plaintiffs do not contend that Walker committed an unfair or deceptive act or practice by omitting that notice; rather, they claim that Walker violated § 1345.02(A), because the notice was printed in type too small. Ohio courts have stressed that not every seemingly unfair or deceptive act, such as a misstatement of fact, violates that statutory provision. In *Cranford v. Joseph Airport Toyota, Inc.,* 1996 WL 282997 (Ohio App.1996), the Montgomery County Court of Appeals explained:

> In order to be deceptive, and therefore actionable, a seller's act must not only be at variance with the truth but must also concern a matter that is or is likely to be material to a consumer's decision to purchase the product or service involved. A matter that is merely incidental to the choices a consumer must make when deciding to engage in the transaction is, therefore, not "deceptive" within the meaning of the Consumer Sales Practices Act or a basis for the relief that it offers, even though it is objectively untrue.

*Accord, Richards v. Beechmont Volvo,* 127 Ohio App.3d 188, 711 N.E.2d 1088 (1998). Thus, the question is whether the evidence raises a genuine issue of material fact on whether using smaller type than permitted by the FTC Holder Rule was material (as opposed to being incidental) to the Plaintiffs' purchase of the Chevrolet Lumina from Walker. Since the Plaintiffs' loan agreement complied with the purpose of the FTC Holder Rule, i.e., to alert the

holder of the note that it could not claim holder-in-due-course status, despite the failure to print the requisite notice in the proper size of type, the Court concludes that this shortcoming was incidental to the transaction in question.

In the commentary to its Holder Rule, the FTC explained that the Rule had been adopted in order to ensure that claims and defenses of consumers were preserved. *See* 40 Fed.Reg. 53524 (1975). *See also, FTC v. Winters National Bank & Trust Co.*, 601 F.2d 395, 397 (6th Cir.1979) (noting that the effect of the Rule is to strip the holder of commercial paper of its traditional status as a holder-in-due-course). Thus, courts have held that, as a result of the FTC Holder Rule, a holder of commercial paper steps into the shoes of the seller. *See e.g., Lozada v. Dale Baker Oldsmobile, Inc.*, 91 F.Supp.2d 1087, 1094 (W.D.Mich.2000) (and cases cited therein). By including the requisite notice in the Plaintiffs' loan agreement, the purposes of the Rule were met, even though the type used was smaller than that specified by the FTC. In other words, despite its small size, the Plaintiffs have been afforded the protection the FTC intended its Rule to provide.[5] Moreover, it should be noted that the Plaintiffs allege that NCB, the entity which provided the financing for the purchase of the automobile, supplied the blank form which was completed at the automobile dealership, and later became Plaintiffs' loan agreement with that bank. Therefore, that entity knew that the requisite notice had been printed on the loan agreement and that, as a consequence, it was not a holder-in-due-course with respect to the debt owed by the Plaintiffs. In addition, although the size of the type used on the Plaintiffs' loan agreement is small, it can be read without difficulty. Given that there has been compliance with the purpose of the FTC Holder Rule,[6] this Court concludes that the failure to include the requisite notice in ten-point print was incidental, rather than being material, to the transaction giving rise to this litigation.

Accordingly, this Court concludes that the evidence does not raise a genuine issue of material fact as to whether Walker violated § 1345.02(A), by failing to provide the notice required by the FTC Holder Rule in ten-point type.

■ As is indicated, unconscionable acts and practices are prohibited by § 1345.03(B). The factors to be considered in determining whether a particular act or practice is unconscionable are set forth in § 1345.03(B), which provides:

(B) In determining whether an act or practice is unconscionable, the following circumstances shall be taken into consideration:

(1) Whether the supplier has knowingly taken advantage of the inability of the

---

5. The Plaintiffs could not argue that the small type used to print the notice deprived them of the opportunity of objecting to the inclusion of that notice in their loan agreement. That notice was included in the loan agreement because the FTC Holder Rule mandates such. Moreover, the notice affords the Plaintiffs protection that would otherwise be unavailable, since it deprives NCB of holder-in-due-course status.

6. One might argue that there would not be compliance with the purpose of the FTC Holder Rule, if the notice had been printed in

such small type that it could not be read, since that might permit the holder of the paper to argue that it had not stepped into the shoes of the seller. Under that circumstance, one might also argue that the use of indecipherable type constituted an unfair or deceptive act or practice in violation of § 1345.02(A). Such an argument is unavailing in this litigation, since the notice on Plaintiffs' loan agreement can be read without difficulty and, further, given that NCB knew that the notice had been printed thereon, in that it had prepared the document.

consumer reasonably to protect his interests because of his physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement;

(2) Whether the supplier knew at the time the consumer transaction was entered into that the price was substantially in excess of the price at which similar property or services were readily obtainable in similar consumer transactions by like consumers;

(3) Whether the supplier knew at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction;

(4) Whether the supplier knew at the time the consumer transaction was entered into that there was no reasonable probability of payment of the obligation in full by the consumer;

(5) Whether the supplier required the consumer to enter into a consumer transaction on terms the supplier knew were substantially one-sided in favor of the supplier;

(6) Whether the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to his detriment;

(7) Whether the supplier has, without justification, refused to make a refund in cash or by check for a returned item that was purchased with cash or by check, unless the supplier had conspicuously posted in the establishment at the time of the sale a sign stating the supplier's refund policy.

An application of those factors to Walker's failure to provide the requisite notice in ten-point type convinces this Court that there is not a genuine issue of material fact on Plaintiffs' assertion that Walker's failure constituted an unconscionable act or practice.

Since the notice required by the FTC Holder Rule was printed on the Plaintiffs' loan agreement, Walker cannot have knowingly taken advantage of the Plaintiffs' inability to protect their rights, under § 1345.03(B)(1), by failing to print that notice in ten-point type. Sections 1345.03(B)(2), (3) and (4) are clearly inapplicable, since the size of the type is not related to the price which the Plaintiffs paid for the vehicle, whether Plaintiffs would receive a substantial benefit from the transaction or whether they could afford to pay for the automobile. The fact that Walker used smaller type than specified in the FTC Holder Rule could not have rendered the transaction one-sided, since the notice appears on the loan agreement which afforded the Plaintiffs the protection of the Rule. Therefore, the factor set forth in § 1345.03(B)(5) does not support a conclusion that Walker committed an unconscionable act or practice. In addition, §§ 1345.03(B)(6) and (7) are inapplicable, since the size of the type does not relate to any opinion given by Walker or to a claim for a refund by the Plaintiffs.

In sum, none of the factors, which the Ohio General Assembly has directed courts to consider, could possibly support the conclusion that the use of type too small constituted an unconscionable act or practice. Consequently, the evidence does not raise a genuine issue of material fact as to whether Walker committed an unconscionable act or practice.

Based upon the foregoing, the Court sustains Walker's Motion for Summary Judgment (Doc. # 25) in its entirety.

The Court directs that judgment be entered in favor of the Defendants and against the Plaintiffs.[7] The captioned

---

**7.** As is indicated above (footnote 3, *supra*), the Plaintiffs have settled their claim with

cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

NCB. If the Plaintiffs had not settled the claims set forth against NCB in this litigation, this Court would have entered summary judg-ment in favor of that Defendant, for the reasons set forth in this Decision.