Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
SCI TEXAS FUNERAL SERVICES, INC.,       )
PROFESSIONAL FUNERAL ASSOCIATES,  ) 
INC., SCIT HOLDINGS, INC.,                          )
SCI FUNERAL SERVICES, INC., and              )
SERVICE CORPORATION                               )
INTERNATIONAL,                                            )                  No. 08-05-00182-CV
)
                                    Appellants,                       )                             Appeal from
)
v.                                                                          )                  County Court at Law No. 3
)
DAVID HIJAR, LUPE WIEBEL, and                )                  of El Paso County, Texas
PATRICIA VILLEGAS,                                     )
                                                                             ) (TC# 2002-740)
                                    Appellees.                        )

O P I N I O N

            In this interlocutory appeal, SCI Texas Funeral Services, Inc., Professional Funeral
Associates, Inc., SCIT Holdings, Inc., SCI Funeral Services, Inc., and Service Corporation
International (collectively “SCI”) appeal from a class certification order. At issue is whether
Appellees have standing to pursue individual and class claims against SCI based upon purported
violations of the federal and state Funeral Rule. Because they do not, we reverse the certification
order and render judgment dismissing all causes of action except the suit for injunctive relief.
THE FUNERAL RULE
            On September 24, 1982, the Federal Trade Commission promulgated the Funeral Rule, which
prohibits certain unfair and deceptive practices in the funeral service industry. Pennsylvania Funeral
Directors Association, Inc. v. F.T.C., 41 F.3d 81, 82 (3rd Cir. 1994), citing Trade Regulation Rule;
Funeral Industry Practices, 16 C.F.R. Part 453 (1982). The Fourth Circuit soon affirmed the FTC’s
decision to implement the Rule. Harry & Bryant Co. v. FTC, 726 F.2d 993 (4th Cir. 1984), cert.
denied, 469 U.S. 820, 105 S.Ct. 91, 83 L.Ed.2d 37 (1984).
            The Funeral Rule requires that a funeral home provide consumers with a general price list
of the goods or services regularly offered by the funeral provider. See 16 C.F.R. §§ 453.1(b),
453.3(f)(1)(ii). Customers who contract for funeral goods and services must be given a separate
purchase agreement that lists retail prices for all goods and services selected, lists the actual or
estimated prices for “cash advance items,” and lists a total cost. 16 C.F.R. § 453.2(b). A “cash
advance item” is any item of service or merchandise described to a purchaser as a “cash advance,”
“accommodation,” “cash disbursement” or similar term. 16 C.F.R. § 453.1(b). It includes any item
obtained from a third party and paid for by the funeral provider on the purchaser’s behalf. Id.
            Similarly, the Texas Occupations Code and the Texas Administrative Code require that a
funeral establishment provide a retail price list of items or services offered by the establishment. 
Tex.Occ.Code Ann. § 651.405 (Vernon 2004); 22 Tex.Admin.Code § 203.7. Like its federal
counterpart, the Texas Occupations Code mandates that the purchase agreement list certain
information, including the amount paid or owed to another person by the funeral establishment on
behalf of the customer, and each fee charged to the customer for the cost of advancing funds or
becoming indebted to another person on behalf of the customer. Tex.Occ.Code Ann. § 651.406(a). 
The purchase agreement must include specifically cash advance items. 22 Tex.Admin. Code
§§ 203.7(b)(5)(A)(ii), 203.20. It is a deceptive act or practice for a funeral provider to represent that
the price charged for a cash advance item is the same as the cost to the funeral provider when that
is not the case. 22 Tex.Admin.Code § 203.20.
UNDERLYING FACTS
            David Hijar, Lupe Wiebel, and Patricia Villegas each purchased goods and services from
SCI-affiliated funeral homes in El Paso. Hijar filed suit alleging state law claims on behalf of
himself and a class for fraud, negligent misrepresentation, deceptive trade practices, and civil
conspiracy. These allegations were based on SCI’s violation of the state and federal Funeral Rule. 
Wiebel and Villegas later joined the suit and the plaintiffs added a cause of action based upon
violations of the Texas Occupations Code. SCI sought summary judgment, contending that the
Funeral Rule only applies to cash advance items and does not apply to all goods and services
obtained from third parties. In his fifth amended petition, Hijar abandoned the fraud, negligent
misrepresentation and deceptive trade causes of action. He added a cause of action for breach of
contract arising from SCI’s violation of the Funeral Rule.


 In that petition, he sought injunctive
relief and damages. Hijar also filed a motion for summary judgment. The trial court denied SCI’s
motion and granted partial summary judgment in favor of Hijar, finding:
            ■          SCI obtained funeral goods and services from third-parties on behalf of Hijar and
other persons arranging funerals with funeral homes owned or operated by SCI;
 
            ■          SCI failed to disclose to persons arranging funerals that the price being charged for
cash advance items was not the same as the cost to SCI for the items when such was
the case; and
 
            ■          SCI’s contract with Hijar and others failed to state the amount paid or owed to
another person by SCI on behalf of Hijar and other customers, and failed to disclose
each fee charged Hijar and other customers for the cost of advancing funds or
becoming indebted to another person on behalf of the customer. 

The court concluded “that the following goods and services, as a matter of law, are ‘cash advance’
items under 16 C.F.R. § 453.3(1)(b) and 22 Tex.Admin.Code § 203.1(3) when purchased from a
third-party and resold to persons arranging funerals: direct cremation; immediate burial; forwarding
remains; receiving remains; embalming; refrigeration; other preparation; transportation;
casket/cremation casket; alternative container; outside enclosure; clothing/shroud; memorial booklet;
service folders/prayer cards; acknowledgment cards; flowers; shipping container; crematory services;
crucifix; escorts; certified copies; public transportation; outside funeral director’s expense; vault
installation; clergy/religious facility; musicians or singers; hairdressing; and permits.” The court also
found that the terms of both the federal and state statutes are implied in every “Statement of Funeral
Goods and Services Selected/Purchase Agreement,” and because SCI had violated these provisions,
it had breached the contract. Finding that the statutory violations rendered the agreement illegal and
unenforceable to the extent the listed prices exceeded the amount paid to third parties, the court ruled
that Hijar is entitled to recover the difference as restitution.
            Following the entry of the partial summary judgment, Hijar filed a sixth amended petition
which added a cause of action for restitution based on an illegal contract. On January 21, 2005, the
trial court entered the following findings against SCI for discovery violations:
            ■          Since and including March 18, 1998, it has been the systematic and uniform practice
of Defendants to obtain and pay for funeral goods and funeral services from third
parties on behalf of purchasers.
 
            ■          Since and including March 18, 1998, it has been the uniform and systematic practice
of Defendants to fail to disclose to persons arranging funerals with Defendants that
the price being charged for a cash advance item is not the same as the cost to the
funeral provider for the item when such was the case.
 
            ■          Since and including March 18, 1998, it has been the uniform and systematic practice
of Defendants to fail to state on funeral purchase agreements the amount paid or
owed to other persons by the funeral establishment on behalf of the customers and
each fee charged the customers for the cost of advancing funds or becoming indebted
to other persons on behalf of the customers.
 
            ■          There are records in the possession of Defendants that show the difference between
the cost of funeral goods and funeral services to Defendants and the amount charged
to persons arranging funerals with Defendants since March 18, 1998.
 
            ■          There are records in the possession of Defendants that show the amount paid or owed
to other persons by Defendants on behalf of the customers and each fee charged the
customers for the cost of advancing funds or become indebted to other persons on
behalf of the customers, and the amount charged to persons arranging funerals with
Defendants since March 18, 1998.
 
            ■          Since and including March 18, 1998, Defendants have obtained and paid for funeral
goods and funeral services from third parties on behalf of more than one thousand
(1,000) purchasers, failed to disclose to more than one thousand (1,000) persons
arranging funerals with Defendants that the price being charged for cash advance
items is not the same as the cost to the Defendants for the items when such was the
case, and failed to state on funeral purchase agreements the amount paid or owed to
other persons by their funeral establishments on behalf of more than one thousand
(1,000) customers and each fee charged the customers for the cost of advancing funds
or becoming indebted to other persons on behalf of the customers. 
 
            Wiebel and Villegas were subsequently added as plaintiffs in a seventh amended petition,
but the causes of action remained the same as in the sixth. Following a hearing, the trial court
entered an order certifying the class. SCI raises several challenges to the certification order in this
interlocutory appeal.
STANDING
            In its first issue, SCI contends that Appellees cannot represent a class because they lack
standing. We must determine whether there is a private cause of action for violation of the Funeral
Rule under either the federal or state regulations. If not, the breach of contract claim fails as a matter
of law.
Standard of Review
            Subject matter jurisdiction is essential to the authority of a court to decide a case. Texas
Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 443 (Tex. 1993). Standing
is implicit in the concept of subject matter jurisdiction. M.D. Anderson Cancer Center v. Novak, 52
S.W.3d 704, 708 (Tex. 2001). Whether a party has standing to maintain a suit is a question of law. 
Texas Natural Resources Conservation Commission v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002);
Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 850 (Tex.App.--Fort Worth 2005, no pet.). Standing
to sue is a prerequisite to class certification and is properly raised on an interlocutory appeal of a
class certification order. See M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 705-06 (Tex.
2001). In reviewing a standing ruling, we construe the petition in favor of the pleader. Everett, 178
S.W.3d at 850. In the context of class action litigation, a named plaintiff’s lack of individual
standing at the time suit is filed deprives the court of subject matter jurisdiction over the plaintiff’s
individual claims and claims on behalf of a class. Novak, 52 S.W.3d at 711.
            Standing focuses on who may bring an action. Waco Independent School District v. Gibson,
22 S.W.3d 849, 851 (Tex. 2000). When standing is at issue, the question is whether the person
whose standing is challenged is a proper party to request an adjudication of a particular issue and not
whether the issue itself is justiciable. Flast v. Cohen, 392 U.S. 83, 99-100, 88 S.Ct. 1942, 20
L.Ed.2d 947 (1968). Standing to sue may be predicated upon either statutory or common law
authority. Everett, 178 S.W.3d at 850. The common law standing rules apply except where standing
is statutorily conferred. Id. citing Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984). To establish
common law standing, a plaintiff must show a distinct injury to the plaintiff and a real controversy
between the parties, which will actually be determined by the judicial declaration sought. Everett,
178 S.W.3d at 850, citing Brown v. Todd, 53 S.W.3d 297, 305 (Tex. 2001). In conferring statutory
standing, the Legislature may by statute exempt litigants from proof of the “special injury” required
to establish common law standing. Everett, 178 S.W.3d at 850. When standing has been statutorily
conferred, the statute itself serves as the proper framework for a standing analysis. Id. The plaintiff
must demonstrate how he has been injured within the parameters of the language used in the statute. 
Id., citing Scott v. Board of Adjustment, 405 S.W.2d 55, 56 (Tex. 1966).
The Causes of Action
            The trial court certified four causes of action: breach of contract, illegal contract, civil
conspiracy, and violations of the Texas Occupations Code. Each is based upon SCI’s purported
violation of the Funeral Rule. SCI contends that because there is no private cause of action for
violation of the Funeral Rule, Appellees lack standing to assert these claims on behalf of themselves
or the class. We agree.
            The Funeral Rule was adopted pursuant to Section 5 of the Federal Trade Commission Act
("FTCA"), 15 U.S.C. § 45(a)(1), which outlaws unfair and deceptive acts and practices in or
affecting commerce, and Section 18, 15 U.S.C. § 57a(a)(1), which authorizes the Commission to
prescribe “rules which define with specificity acts or practices which are unfair or deceptive acts or
practices in or affecting commerce” and “requirements . . . for the purpose of preventing such acts
or practices.” Harry & Bryant Co., 726 F.2d at 999. Federal courts have uniformly held that a
private right of action does not exist under Section 5 of the FTCA. See e.g., Morales v. Walker
Motors Sales, Inc., 162 F.Supp.2d 786, 790 (W.D. Ohio 2000); Armstrong v. Accrediting Council
for Continuing Education & Training Inc., 980 F.Supp. 53, 64 (D.C. 1997); American Airlines v.
Christensen, 967 F.2d 410, 414 (10th Cir.1992); R.T. Vanderbilt Co. v. Occ. Saf. & H. Rev.
Commission, 708 F.2d 570, 574-5 n. 5 (11th Cir. 1983); Fulton v. Hecht, 580 F.2d 1243, 1248 (5th
Cir. 1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979); Alfred Dunhill, Ltd.
v. Interstate Cigar Co., 499 F.2d 232, 237 (2nd Cir.1974); Holloway v. Bristol-Myers Corp., 485
F.2d 986, 997-1002 (D.C.Cir. 1973); Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973);
St. Martin v. KFC Corp., 935 F.Supp. 898, 907 (W.D.Ky. 1996). Nor may a plaintiff create a private
cause of action by alleging a violation of an FTC regulation to satisfy an element of a state common
law claim. See Morrison v. Back Yard Burgers, Inc., 91 F.3d 1184, 1187 (9th Cir. 1996); Carlson
483 F.2d at 280. This prohibition against a private cause of action has been found to apply in a
breach of contract action where the plaintiff argued that the FTC rule in question was implied into
the contract. See Armstrong, 980 F.Supp. at 64.
            We conclude that Appellees do not have a private right of action. Because their breach of
contract, illegal contract, and civil conspiracy claims are based on a violation of the FTC Funeral
Rule, they do not have standing to assert these claims on behalf of themselves or the class.
            Appellees have also pled a separate cause of action for violations of Chapter 651 of the Texas
Occupations Code. Their breach of contract, illegal contract, and civil conspiracy claims are based
on the state version of the Funeral Rule. While the Texas Occupations Code provides for the
assessment of monetary administrative penalties by the Texas Funeral Service Commission, it does
not provide for a private cause of action to recover damages. See Tex.Occ.Code Ann. §§ 651.551-651.552. The only relief which may be sought by a private party is injunctive relief against a funeral
establishment, an embalmer, or a funeral director who violates Chapter 651 or a rule adopted under
that chapter. Tex.Occ.Code Ann. §§ 651.601.
            Appellees suggest that they have standing to maintain their state claim since their petition
seeks injunctive relief as permitted by Section 651.601. But the trial court did not certify an
injunction class and this does not serve as a basis for affirming the certification order. Other than
injunctive relief, there is no private right of action for violation of the provisions found in Chapter
651 or a rule adopted under that chapter. We sustain Issue One.
            We reverse the certification order and render judgment dismissing the breach of contract,
illegal contract and civil conspiracy claims. The only cause of action remaining in the trial court is
Appellees’ petition for injunctive relief.

July 27, 2006                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.