**SCI TEXAS FUNERAL SERVICES, INC., Professional Funeral Associates, Inc., SCIT Holdings, Inc., SCI Funeral Services, Inc., and Service Corporation International, Appellants,**

v.

**David HIJAR, Lupe Wiebel, and Patricia Villegas, Appellees.**

No. 08–05–00182–CV.

Court of Appeals of Texas, El Paso.

Jan. 11, 2007.

Rehearing Overruled Feb. 7, 2007.

Joseph L. Hood Jr., Scott Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for Appellants.

Alan B. Rich, Baron & Budd, P.C., Dallas, for Appellees.

Before CHEW, C.J., McCLURE, and BARAJAS, C.J. (Ret.) BARAJAS, C.J. (Ret.), sitting by assignment, not participating.

### *OPINION ON REHEARING*

ANN CRAWFORD McCLURE, Justice.

Pending before the Court is Appellees' motion for rehearing. The motion is granted and we withdraw our opinion and judgment dated July 27, 2006. The following is the opinion of this court.

In this interlocutory appeal, SCI Texas Funeral Services, Inc., Professional Funeral Associates, Inc., SCIT Holdings, Inc., SCI Funeral Services, Inc., and Service Corporation International (collectively SCI) appeal from a class certification order. At issue is whether Appellees have standing to pursue individual and class claims against SCI based upon purported violations of the federal and state Funeral Rule. Because they do not, we reverse the certification order and render judgment dismissing all causes of action except the suit for injunctive relief.

## THE FUNERAL RULE

On September 24, 1982, the Federal Trade Commission promulgated the Funeral Rule, which prohibited certain unfair and deceptive practices in the funeral service industry. *Pennsylvania Funeral Directors Association, Inc. v. F.T.C.*, 41 F.3d 81, 82 (3rd Cir.1994), *citing* Trade Regulation Rule; Funeral Industry Practices, 16 C.F.R. Part 453 (1982). The Fourth Circuit affirmed the FTC's decision to issue the Funeral Rule in *Harry & Bryant Co. v. FTC*, 726 F.2d 993 (4th Cir.1984), *cert. denied*, 469 U.S. 820, 105 S.Ct. 91, 83 L.Ed.2d 37 (1984).

The Funeral Rule requires that a funeral home provide consumers with a general price list of the funeral goods or services regularly offered by the funeral provider. *See* 16 C.F.R. §§ 453.1(b), 453.3(f)(1)(ii). Customers who contract for funeral goods and services must be given a separate purchase agreement that lists retail prices for all goods and services selected, lists the actual or estimated prices for "cash advance items" and lists a total cost. 16 C.F.R. § 453.2(b). A "cash advance item" is any item of service or merchandise described to a purchaser as a "cash advance," "accommodation," "cash disbursement," or similar term. 16 C.F.R. § 453.1(b). It includes any item obtained from a third party and paid for by the funeral provider on the purchaser's behalf. *Id.*

Similarly, the Texas Occupations Code and Texas Administrative Code require that a funeral establishment provide a retail price list of items or services provided by the establishment. Tex.Occ.Code Ann. § 651.405 (Vernon 2004); 22 Tex.Admin.Code § 203.7. Like its federal counterpart, the Texas Occupations Code mandates that the purchase agreement list certain information, including the amount paid or owed to another person by the funeral establishment on behalf of the customer, and each fee charged the customer for the cost of advancing funds or becoming indebted to another person on behalf of the customer. Tex.Occ.Code Ann. § 651.406(a). The purchase agreement must include specifically itemized cash advance items. 22 Tex.Admin.Code §§ 203.7(b)(5)(A)(ii), 203.20. It is a deceptive act or practice for a funeral provider to represent that the price charged for a cash advance item is the same as the cost to the funeral provider for the item when that is not the case. 22 Tex.Admin.Code § 203.20.

## UNDERLYING FACTS

Appellees, David Hijar, Lupe Wiebel, and Patricia Villegas, each purchased funeral goods and services from SCI-affiliated funeral homes in El Paso. Hijar filed suit alleging state law claims on behalf of himself and a class for fraud, negligent misrepresentation, deceptive trade practices, and civil conspiracy. The allegations were based on SCI's violation of the state and federal Funeral Rule. Wiebel and Villegas later joined the suit and the plaintiffs added a cause of action based upon violations of the Texas Occupations Code. SCI sought summary judgment contending that the Funeral Rule only applies to cash advance items and does not apply to all goods and services obtained from third parties. In his fifth amended petition, Hijar abandoned the fraud, negligent misrepresentation and deceptive trade causes of action. He added a cause of action for breach of contract arising from SCI's violation of the Funeral Rule. In that petition, he sought injunctive relief and damages. Hijar also filed a motion for summary judgment. The trial court denied SCI's motion and granted partial summary judgment in favor of Hijar, finding:

· SCI obtained funeral goods and services from third-parties on behalf of Hijar and

other persons arranging funerals with funeral homes owned or operated by SCI;

· SCI failed to disclose to persons arranging funerals that the price being charged for cash advance items was not the same as the cost to SCI for the items when such was the case; and

· SCI's contract with Hijar and others failed to state the amount paid or owed to another person by SCI on behalf of Hijar and other customers, and failed to disclose each fee charged Hijar and other customers for the cost of advancing funds or becoming indebted to another person on behalf of the customer.

The court concluded "that the following goods and services, as a matter of law, are 'cash advance' items under 16 C.F.R. § 453.3(1)(b) and 22 TEX.ADMIN.CODE § 203.1(3) when purchased from a third-party and resold to persons arranging funerals: direct cremation; immediate burial; forwarding remains; receiving remains; embalming; refrigeration; other preparation; transportation; casket/cremation casket; alternative container; outside enclosure; clothing/shroud; memorial booklet; service folders/prayer cards; acknowledgment cards; flowers; shipping container; crematory services; crucifix; escorts; certified copies; public transportation; outside funeral director's expense; vault installation; clergy/religious facility; musicians or singers; hairdressing; and permits."

The court also found that the terms of both the federal and state statute are implied in every "Statement of Funeral Goods and Services Selected/Purchase Agreement," and because SCI had violated these provisions, it had breached the contract with Hijar. Finding that the statutory violations rendered the agreement illegal and unenforceable to the extent the listed prices exceeded the amount paid to third parties, the court ruled that Hijar is

entitled to recover the difference as restitution.

Following the entry of the partial summary judgment, Hijar filed a sixth amended petition which added a cause of action for restitution based on an illegal contract. On January 21, 2005, the trial court entered the following findings against SCI for discovery violations:

· Since and including March 18, 1998, it has been the systematic and uniform practice of Defendants to obtain and pay for funeral goods and funeral services from third parties on behalf of purchasers.

· Since and including March 18, 1998, it has been the uniform and systematic practice of Defendants to fail to disclose to persons arranging funerals with Defendants that the price being charged for a cash advance item is not the same as the cost to the funeral provider for the item when such was the case.

· Since and including March 18, 1998, it has been the uniform and systematic practice of Defendants to fail to state on funeral purchase agreements the amount paid or owed to other persons by the funeral establishment on behalf of the customers and each fee charged the customers for the cost of advancing funds or becoming indebted to other persons on behalf of the customers.

· There are records in the possession of Defendants that show the difference between the cost of funeral goods and funeral services to Defendants and the amount charged to persons arranging funerals with Defendants since March 18, 1998.

· There are records in the possession of Defendants that show the amount paid or owed to other persons by Defendants on behalf of the customers and each fee charged the customers for the cost of advancing funds or become indebted to other persons on behalf of the customers,

and the amount charged to persons arranging funerals with Defendants since March 18, 1998.

Since and including March 18, 1998, Defendants have obtained and paid for funeral goods and funeral services from third parties on behalf of more than one thousand (1,000) purchasers, failed to disclose to more than one thousand (1,000) persons arranging funerals with Defendants that the price being charged for cash advance items is not the same as the cost to the Defendants for the items when such was the case, and failed to state on funeral purchase agreements the amount paid or owed to other persons by their funeral establishments on behalf of more than one thousand (1,000) customers and each fee charged the customers for the cost of advancing funds or become indebted to other persons on behalf of the customers.

Wiebel and Villegas were subsequently added as plaintiffs in a seventh amended petition, but the causes of action remained the same as in the sixth amended petition. Following a hearing, the trial court entered an order certifying the class. SCI raises several challenges to the certification order in this interlocutory appeal.

### STANDING

In its first issue, SCI contends that Appellees cannot represent a class because they lack standing. We must first determine whether there is a private cause of action for violation of the Funeral Rule under either the federal or state regulations. If not, the causes of action based on violations of the Funeral Rule fail as a matter of law.

 Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443 (Tex.1993). Standing is implicit in the concept of subject matter jurisdiction. *M.D. Anderson Cancer Center v. Novak*, 52 S.W.3d 704, 708 (Tex.2001). Whether a party has standing to maintain a suit is a question of law. *Texas Natural Resource Conservation Commission v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Everett v. TK–Taito, L.L.C.*, 178 S.W.3d 844, 850 (Tex.App.-Fort Worth 2005, no pet.). Standing to sue is a prerequisite to class certification and is properly raised on an interlocutory appeal of a class certification order. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 705–06 (Tex.2001).

 In reviewing a standing ruling, we construe the petition in favor of the pleader. *Everett*, 178 S.W.3d at 850. In the context of class action litigation, a named plaintiff's lack of individual standing at the time suit is filed deprives the court of subject matter jurisdiction over the plaintiff's individual claims and claims on behalf of a class. *Novak*, 52 S.W.3d at 711.

 Standing focuses on the question of who may bring an action. *Waco Independent School District v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000). When standing is placed at issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable. *Flast v. Cohen*, 392 U.S. 83, 99–100, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Standing to sue may be predicated upon either statutory or common law authority. *Everett*, 178 S.W.3d at 850. The common law standing rules apply except where standing is statutorily conferred. *Id., citing Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). To establish common law standing, a plaintiff must show a distinct injury to the plaintiff and a real controversy between the parties, which will be actually

determined by the judicial declaration sought. *Everett,* 178 S.W.3d at 850, *citing Brown v. Todd,* 53 S.W.3d 297, 305 (Tex. 2001). In conferring statutory standing, the Legislature may by statute exempt litigants from proof of the "special injury" required to establish common law standing. *Everett,* 178 S.W.3d at 850. When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis. *Id.* The plaintiff must demonstrate how he has been wronged within the parameters of the language used in the statute. *Id., citing Scott v. Board of Adjustment,* 405 S.W.2d 55, 56 (Tex.1966).

### The Causes of Action:

### Illegal Contract, Civil Conspiracy and

### Violations of the Funeral Rules

The trial court certified four causes of action: breach of contract, illegal contract, civil conspiracy, and violation of the Texas Occupations Code. Each is based upon SCI's purported violation of the Funeral Rule. SCI contends that because there is no private cause of action for violation of the Funeral Rule, Appellees lack standing to assert these claims on behalf of themselves or the class. We agree.

 The federal Funeral Rule was adopted pursuant to Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a)(1), which outlaws unfair and deceptive acts and practices in or affecting commerce, and Section 18, 15 U.S.C. § 57a(a)(1), which authorizes the Commission to prescribe "rules which define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce" and "requirements . . . for the purpose of preventing such acts or practices." *Harry & Bryant Co.,* 726 F.2d at 999. Federal courts have uniformly held that a private right of action

does not exist under Section 5 of the FTCA. *See e.g., Morales v. Walker Motors Sales, Inc.,* 162 F.Supp.2d 786, 790 (S.D.Ohio 2000); *American Airlines v. Christensen,* 967 F.2d 410, 414 (10th Cir. 1992); *R.T. Vanderbilt Co. v. Occ. Saf. & H. Rev. Commission,* 708 F.2d 570, 574–5 n. 5 (11th Cir.1983); *Fulton v. Hecht,* 580 F.2d 1243, 1248 (5th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979); *Alfred Dunhill, Ltd. v. Interstate Cigar Co.,* 499 F.2d 232, 237 (2nd Cir.1974); *Holloway v. Bristol–Myers Corp.,* 485 F.2d 986, 997–1002 (D.C.Cir. 1973); *Carlson v. Coca–Cola Co.,* 483 F.2d 279, 280 (9th Cir.1973); *St. Martin v. KFC Corp.,* 935 F.Supp. 898, 907 (W.D.Ky.1996). Nor may a plaintiff create a private cause of action by alleging a violation of an FTC regulation to satisfy an element of a state common law claim. *See Morrison v. Back Yard Burgers, Inc.,* 91 F.3d 1184, 1187 (8th Cir.1996); *Carlson* 483 F.2d at 280. We conclude that there is no private cause of action for violation of the federal Funeral Rule. Because their illegal contract and civil conspiracy causes of action are based on SCI's a violation of the federal Funeral Rule, Appellees lack standing to assert these claims on behalf of themselves and the class.

 Appellees have also pled a separate cause of action for SCI's violation of Chapter 651 of the Texas Occupations Code. Their illegal contract and civil conspiracy claims are based on the state version of the Funeral Rule. While the Texas Occupations Code provides for the assessment of monetary administrative penalties by the Texas Funeral Service Commission, it does not provide for a private cause of action to recover damages. *See* TEX. OCC.CODE ANN. §§ 651.551–651.552. The only relief which may be sought by a private party is injunctive relief against a funeral establishment, an embalmer, or a

funeral director who violates Chapter 651 or a rule adopted under the chapter. TEX. OCC.CODE ANN. §§ 651.601.

Appellees suggest that they have standing to maintain their claim since their petition seeks injunctive relief as permitted by Section 651.601. But the trial court did not certify an injunction class and this does not serve as a basis for affirming the certification order. Other than injunctive relief, there is no private right of action for violation of the provisions found in Chapter 651 or a rule adopted under that chapter. Therefore, Appellees lack standing to assert a separate cause of action for violation of the state Funeral Rule. They also lack standing to maintain their illegal contract and civil conspiracy causes of action insofar as these claims are based on a claimed violation of the state Funeral Rule.

### Breach of Contract

■ This leaves only the breach of contract cause of action. On original submission, we held that Appellees lack standing to assert breach of contract because the claim is expressly based on violations of the federal and state Funeral Rules. Complaining that we misunderstood the basis of their breach of contract action, Appellees have challenged this holding in their motion for rehearing.

We begin with a review of their pleadings. In their seventh amended petition, Appellees allege:

· Paragraph 18. Federal and state regulations require that a funeral provider must notify a consumer if the funeral provider charges the consumer more than the funeral provider pays to a third party for the same service or merchandise. *See* 16 C.F.R. § 453.1(b), 16 C.F.R. § 453.3(f), 22 TAC § 203.8(f), and 22 TAC § 203.1(3). The Defendants failed to provide such notice to Plaintiffs and the Plaintiff Classes.

· Paragraph 19. In failing to disclose this information, Defendants ... violated Texas and federal regulations....

The breach of contract claim is found in paragraphs 35 through 37:

· 35. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 34 above.

· 36. The state and federal laws referenced above are incorporated into the contracts entered into by Plaintiffs, the members of the Plaintiff Classes and Defendants. Plaintiffs and the members of the Plaintiff Classes performed their obligations under the contracts. Defendants breached the contracts by failing to comply with these laws.

· 37. As a result of these breaches of contract by Defendants, the Defendants unlawfully benefitted and were unjustly enriched. Therefore, Plaintiffs and the members of the Plaintiff Classes seek restitutionary damages from Defendants.

In their initial brief, Appellees responded to SCI's argument that there is no private cause of action for violation of the Funeral Rule by stating:

SCI fails to distinguish between a private right of action based on a statute, and a common law contract claim based upon the contract as modified by a statute. The Funeral Rule is incorporated into the contract as a matter of well settled Texas law that, 'The laws existing at the time a contract is made become a part of the contract and governs the transaction.' Accordingly, 'a party's obligation under a contract is measured by the standard of the laws existing at the time the contract is made.'

Based on the pleadings and the arguments offered in their briefing, we understood Appellees to assert that the Funeral Rule was impliedly incorporated in the contract and that SCI's alleged violation of

the Funeral Rule constituted a breach of the contract. We concluded, based on the federal authority set forth above, that Appellees do not have standing to assert the breach of contract claim based on violation of the FTC Funeral Rule. In their motion for rehearing, Appellees vigorously argue that Hijar's contract *expressly* incorporates many Funeral Rule terms and that SCI breached the specific written terms of those provisions in the contract. They contend that even if the Funeral Rule ceased to exist, SCI still breached the express, written terms of its contract with Hijar. Quite pointedly, they maintain that we either misunderstood their claim or we intended to "usher in an unwise and unprecedented sea-change in Texas contract law." We certainly did not intend anything so dramatic. If we misunderstood Appellees' breach of contract claim, it is because Appellees did not previously make the argument now contained in their motion for rehearing. With this understanding of the breach of contract cause of action, we conclude that Appellees do not lack standing to assert the claim insofar as it is based on SCI's alleged breach of the specific written provisions of the contract.

### Standing to Seek Restitution

■ Our conclusion that Appellees have standing to assert their breach of contract claim is not the end of the standing inquiry. SCI also contends that the equitable remedy restitution is not a proper remedy under the legal theories and facts pled.

■ Appellees do not seek damages for SCI's alleged breach of contract. Rather, they seek restitution based on their assertion that SCI was unjustly enriched. The unjust enrichment doctrine generally applies the principles of restitution to disputes which are not governed by a contract between the parties. *R. Conrad Moore & Assocs., Inc. v. Lerma,* 946 S.W.2d 90, 96 (Tex.App.-El Paso 1997, pet. denied). Restitution is available if the contract is unenforceable, impossible, not fully performed, or void for other legal reasons. *Id.* at 96–97. But Appellees do not allege that the contracts were unenforceable, impossible, or not fully performed. Instead, they argue that restitution is a proper remedy because the contracts are void due to illegality. An illegal contract is one in which the parties undertake to do an act forbidden by the law of place where it is to be done, and as such it is an invalid agreement which imposes no legal obligation. *Franklin v. Jackson,* 847 S.W.2d 306, 309–10 (Tex.App.-El Paso 1992, pet. denied). A contract to do a thing which cannot be performed without a violation of the law is void. *Id.* However, a contract that could have been performed in a legal manner will not be declared void simply because it may have been performed in an illegal manner. *Id., citing Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146, 148–49 (1947); *Wade v. Jones,* 526 S.W.2d 160, 162–63 (Tex.Civ.App.-Dallas 1975, no writ). It is undisputed that a contract to provide funeral services is not in and of itself illegal, and Appellees concede as much. They contend, however, that SCI "illegally overcharged the class for the price of certain funeral goods and services" and "[t]he class's contractual agreement to pay the padded bills is void because the markups violate the Funeral Rule." Appellees do not allege in their pleadings or argue in their brief that the contract could not have been performed in a legal manner. To the contrary, they claim that SCI could have and should have given them the notice required by the Funeral Rule but failed to do so. Such an allegation would not support a finding that the contracts are illegal, unenforceable, and void. *See Wade,* 526 S.W.2d at 162–63 (failure of plaintiff to obtain a permit from city to move house to

defendants' land did not operate to invalidate purchase agreement on ground of illegality, even if property was located within city so as to require application of licensing ordinances, where there was no evidence to show that plaintiff could not have obtained such a permit or that he could not have performed agreement in a legal manner). We conclude that restitution is not an available remedy for SCI's alleged breach of contract. In the absence of a cognizable damage theory, Appellees lack standing to maintain their cause of action for breach of contract. For the foregoing reasons, Issue One is sustained.

We reverse the certification order and render judgment dismissing the breach of contract, illegal contract and civil conspiracy claims. The only cause of action remaining in the trial court is Appellees' petition for injunctive relief.