02-10-214-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00214-CV

 

 


 
 
 Ronald J. Holleman
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Daugherty homes, INC., 
 d/b/a Freedom homes
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
eight issues, Appellant Ronald J. Holleman asserts that Robert Holleman deeded
away property in which Ronald owned a one-half interest.  Ronald appeals the
trial court’s order dismissing his trespass to try title action “with
prejudice.”  We reverse and remand.

II. 
Factual and Procedural Background

Ronald,
incarcerated since 1994, is the adopted son of Zeb and Stemilee Holleman,
Ronald’s paternal grandparents.  In March 2006, Ronald filed a trespass to try
title action asserting that by nature of his adoption and intestate succession,
title to one-half of sixty acres owned by Zeb and Stemilee passed to Ronald at
their deaths.[2]

Robert
is Zeb and Stemilee’s natural son and Ronald’s biological father.  In 1995, Robert
purported to convey the entire sixty acres via gift deed to Peter Sherman
Johnson.  Johnson subsequently sold the land to Appellee Daugherty Homes, Inc. d/b/a
Freedom Homes (Daugherty).  In the gift deed, Robert claimed to be Zeb and
Stemilee’s sole heir.

From
2006 to 2010, Ronald filed numerous motions, letters, and requests with the
trial court.  He sought a traditional summary judgment twice and a no-evidence
summary judgment once.  In support of his summary judgment motions, Ronald attached
his unsealed adoption records and copies of deeds showing that Zeb and Stemilee
purchased the land in 1964; that Robert, claiming to be an only child,
transferred the land to Johnson via gift deed in 1995; and that Johnson sold
the land to Daugherty in 2000.  The trial court denied all of Ronald’s motions
for summary judgment.

Prior
to trial, Daugherty filed a motion to dismiss/plea to the jurisdiction asserting
that Ronald did not have standing because he could not prove the facts
underlying his claim and that, because Ronald’s claim was based in probate, the
trial court lacked jurisdiction to hear the case.  After a hearing, the trial
court granted Daugherty’s motion.  Ronald’s motion to modify judgment, in which
he argued that the trial court had jurisdiction and that, even if it did not, the
trial court had erred by dismissing the case with prejudice, was overruled by
operation of law.  This appeal followed.

III. 
Plea to the Jurisdiction

          In
his third issue, Ronald complains that the trial court erred by granting Daugherty’s
motion.[3]  We agree.

A.  Standard of Review

          A
plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have merit.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Whether the
trial court has subject matter jurisdiction is a question of law that we review
de novo.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004); Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002).

          The
determination of whether a trial court has subject matter jurisdiction begins
with the pleadings.  Miranda, 133 S.W.3d at 226.  The plaintiff has the
burden to plead facts affirmatively showing that the trial court has
jurisdiction.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993).  We construe the pleadings liberally in favor of the
pleader, look to the pleader’s intent, and accept as true the factual
allegations in the pleadings.  See Miranda, 133 S.W.3d at 226, 228; City
of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004,
pet. denied) (op. on reh’g).

          We
take as true all evidence favorable to the nonmovant and indulge every
reasonable inference and resolve any doubts in the nonmovant's favor.  Miranda,
133 S.W.3d at 228.  However, if a plea to the jurisdiction challenges the
existence of jurisdictional facts, we consider relevant evidence submitted by
the parties when necessary to resolve the jurisdictional issues raised.  See
Bland Indep. Sch. Dist., 34 S.W.3d at 555.  If the evidence creates a fact
question regarding the jurisdictional issue, then the trial court cannot grant
the plea to the jurisdiction, and the fact issue will be resolved by the
factfinder.  Miranda, 133 S.W.3d at 227–28; Bland Indep. Sch. Dist.,
34 S.W.3d at 555.  But if the relevant evidence is undisputed or fails to raise
a fact question on the jurisdictional issue, the trial court rules on the plea
to the jurisdiction as a matter of law.  Miranda, 133 S.W.3d at 227–28; Bland
Indep. Sch. Dist., 34 S.W.3d at 555.  To prevail on a plea to the
jurisdiction, the defendant must show an incurable jurisdictional defect
apparent from the face of the pleadings, making it impossible for any amendment
of the plaintiff’s petition to confer jurisdiction on the trial court.  Bybee
v. Fireman’s Fund Ins. Co., 160 Tex. 429, 438, 331 S.W.2d 910, 917 (1960).

B.  Standing

          Standing
is a component of subject matter jurisdiction.  Tex. Ass’n of Bus., 852
S.W.2d at 445.  If a party lacks standing to bring an action, the trial court
lacks subject matter jurisdiction to hear the case.  Id. at 444–45; Town
of Fairview v. Lawler, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008, no
pet.).  If a court lacks subject matter jurisdiction in a particular case, then
it lacks authority to decide that case.  The M.D. Anderson Cancer
Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex. 2001).

          The
requirement of standing is implicit in the open courts provision of the Texas constitution
and contemplates access to the courts only for those litigants suffering an
injury.  Id.  Standing focuses on the question of who may bring an
action, and it is determined at the time suit is filed in the trial court.  Id.;
Lawler, 252 S.W.3d at 855.  A plaintiff does not lack standing simply
because he cannot prevail on the merits of his claim; he lacks standing because
his claim of injury is too slight for a court to afford redress.  DaimlerChrysler
Corp. v. Inman, 252 S.W.3d 299, 305 (Tex. 2008).

          Standing
to sue may be predicated upon either statutory or common law authority.  Williams
v. Lara, 52 S.W.3d 171, 178–79 (Tex. 2001); Nauslar v. Coors Brewing Co.,
170 S.W.3d 242, 252 (Tex. App.—Dallas 2005, no pet.).  The common law standing
rules apply except where standing is statutorily conferred.  SCI Tex.
Funeral Servs., Inc. v. Hijar, 214 S.W.3d 148, 153 (Tex. App.—El Paso 2007,
pet. denied) (op. on reh’g).  To establish common law standing, a plaintiff
must show a distinct injury and a real controversy between the parties that
will actually be determined by the judicial declaration sought.  Id. at
153–54; see also Inman, 252 S.W.3d at 304–05 (“For standing, a plaintiff
must be personally aggrieved; his alleged injury must be concrete and particularized,
actual or imminent, not hypothetical.”).

C.  Analysis

          Daugherty
pleaded in its motion to dismiss that Ronald lacked standing to bring his
trespass to try title claim and that the district court lacked jurisdiction to
hear Ronald’s case.  Neither ground supports the trial court’s order granting Daugherty’s
motion.

          As
to Daugherty’s assertion that the district court lacked jurisdiction because
Ronald’s claim was based in probate, Ronald’s petition sought title to land.  Ronald’s
asking the court to determine that he was Zeb and Stemilee’s heir to establish chain
of title does not transform Ronald’s trespass to try title claim into a probate
cause of action.  See Hunt v. Heaton, 643 S.W.2d 677, 679 (Tex. 1982)
(“Any one of a number of facts may determine title or possession, but the cause
of action remains the same—trespass to try title.”); see also Martin v.
Amerman, 133 S.W.3d 262, 267 (Tex. 2004) (holding that trespass to try
title is “the method for determining title to . . . real property”).  In a
nonprobate case such as a trespass to try title suit, the district court may assume
jurisdiction under its general powers over all suits for trial of title to land,
proceed to determine heirs of a decedent, and do all things necessary and
proper to ascertain the lawful owners of the property.[4] 
See Estate of Maxey v. Sparks, 559 S.W.2d 458, 460 (Tex. Civ.
App.—Texarkana 1977, writ ref’d n.r.e.); see also Jansen v. Fitzpatrick,
14 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (noting that the
district court may assume jurisdiction and determine the heirs of the decedent
as long as there is no probate proceeding pending in the county court); Trevino
v. Lerma, 486 S.W.2d 199, 200 (Tex. Civ. App.—Beaumont 1972, no writ)
(finding that the district court had jurisdiction to determine heirship in suit
to set aside a deed).

          Daugherty
also argued that Ronald lacked standing because he had not “provided [the
trial] court proof on basic questions of fact or issues, such as” proof that
Ronald is who he says he is or that Ronald or Daugherty had any legal right to
the “undescribed” property and that “until proof[] of these [legal] facts
exist, there is no justiciable issue in [the] case for determination by the
[trial] [c]ourt. . . . [And] until these facts are established, [Ronald] does
not have standing to file suit against [Daugherty].”  However, it was not
necessary for Ronald to marshal evidence to prove all of the facts underlying his
claim.  See Inman, 252 S.W.3d at 305 (“A plaintiff does not lack
standing simply because he cannot prevail on the merits of his claim[.]”).  Moreover,
the evidence does not support Daugherty’s assertion that Ronald lacked standing
because he could not prove his identity and could not show his own or Daugherty’s
legal claim to the land.  The record contains (1) a certified copy of unsealed court
records proving that Ronald was adopted by Zeb and Stemilee Holleman; (2) a
deed showing that Zeb and Stemilee purchased sixty acres of land; (3) a gift
deed by which Robert, as “only child” and as heir to Zeb and Stemilee, transferred
that land to Johnson; and (4) a warranty deed transferring title to the same
land from Johnson to Daugherty.  See Miranda, 133 S.W.3d at 226; Bland
Indep. Sch. Dist., 34 S.W.3d at 555; see also Tex. Prop. Code Ann.
§ 22.002 (West 2000) (“A headright certificate, land scrip, bounty
warranty, or other evidence of legal right to located and surveyed land is
sufficient to maintain a trespass to title action.”); Tex. Prob. Code Ann. §§ 37
(“[W]henever a person dies intestate, all of his estate shall vest immediately
in his heirs at law[.]”), 38 (West 2003) (listing children as first-in-line
heirs to a decedent that died intestate who was not survived by a husband or
wife).

          Accordingly,
because neither of the grounds that Daugherty pleaded in its motion support the
trial court’s ruling, we sustain Ronald’s third issue.

VI. 
Conclusion

          Having
sustained Ronald’s third issue, we reverse the trial court’s order granting
Dougherty’s motion and remand for further proceedings consistent with this
opinion.[5]  See Tex. R. App.
P. 47.1.

 

 

BOB MCCCOY
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

 

DELIVERED: 
June 23, 1011









[1]See Tex. R. App. P. 47.4.





[2]In his petition, Ronald
asserted that Zeb died in 1977, that Stemilee died in 1993, and that both Zeb
and Stemilee died intestate.  The record does not contain evidence of Zeb and
Stemilee’s deaths or any record of heirship proceedings.





[3]In his remaining issues,
Ronald argues that he was denied due process because the visiting judge was not
appointed per statutory guidelines; that the trial court abused its discretion
by ruling on Daugherty’s motion because Ronald had not seen it or had an
opportunity to object to it; that the trial court erred by dismissing Ronald’s
cause of action “with prejudice”; that Ronald was denied due process of law by
the trial court’s dismissal of his trespass to try title claim; that Ronald was
entitled to summary judgment as a matter of law; and that “death penalty
sanctions” were warranted against Daughtery.





[4]Because Daugherty’s motion
to dismiss did not challenge venue and because the trial court did not rule on
a motion to transfer venue that Daugherty filed early in the case, we do not
reach Ronald’s argument that venue was proper.  See Tex. R. App. P.
47.1.





[5]Although, in his
seventh issue, Ronald argues that he was entitled to summary judgment as a
matter of law, we do not reach this issue as, based on our resolution above,
there is no longer a final, appealable order or judgment in this case.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (“[T]he general
rule, with a few mostly statutory exceptions, is that an appeal may be taken
only from a final judgment.”).

 

In his eighth issue,
Ronald requests that we impose death penalty sanctions for Daugherty’s alleged
discovery violations.  Ronald relies on rule of civil procedure 215 and business
and commerce code section 27.01(c) to support his request.  But section 27.01
of the business and commerce code does not apply to Ronald’s trespass to try
title action.  See Tex. Bus. & Com. Code Ann. § 27.01 (West
2010) (creating a cause of action for fraud in a real estate or stock
transaction).  Rule 215 authorizes the trial court to enter “just” sanctions
for a party’s failure to comply with a discovery order or request, but Ronald
did not file a motion for sanctions in the trial court.  See Tex. R.
Civ. P. 215.  And, although Ronald did file a motion to compel discovery, the trial
court did not rule on his motion.  See id.  Thus, Ronald has not
preserved anything for our review, and we overrule his eighth issue.  See Tex.
R. App. P. 33.1.