

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00214-CV

RONALD J. HOLLEMAN                                                        APPELLANT

V.

DAUGHERTY HOMES, INC.,                                                    APPELLEE
D/B/A FREEDOM HOMES

------------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In eight issues, Appellant Ronald J. Holleman asserts that Robert Holleman deeded away property in which Ronald owned a one-half interest. Ronald appeals the trial court's order dismissing his trespass to try title action "with prejudice." We reverse and remand.

## II. Factual and Procedural Background

---

[1]See Tex. R. App. P. 47.4.

Ronald, incarcerated since 1994, is the adopted son of Zeb and Stemilee Holleman, Ronald's paternal grandparents. In March 2006, Ronald filed a trespass to try title action asserting that by nature of his adoption and intestate succession, title to one-half of sixty acres owned by Zeb and Stemilee passed to Ronald at their deaths.[2]

Robert is Zeb and Stemilee's natural son and Ronald's biological father. In 1995, Robert purported to convey the entire sixty acres via gift deed to Peter Sherman Johnson. Johnson subsequently sold the land to Appellee Daugherty Homes, Inc. d/b/a Freedom Homes (Daugherty). In the gift deed, Robert claimed to be Zeb and Stemilee's sole heir.

From 2006 to 2010, Ronald filed numerous motions, letters, and requests with the trial court. He sought a traditional summary judgment twice and a no-evidence summary judgment once. In support of his summary judgment motions, Ronald attached his unsealed adoption records and copies of deeds showing that Zeb and Stemilee purchased the land in 1964; that Robert, claiming to be an only child, transferred the land to Johnson via gift deed in 1995; and that Johnson sold the land to Daugherty in 2000. The trial court denied all of Ronald's motions for summary judgment.

---

[2]In his petition, Ronald asserted that Zeb died in 1977, that Stemilee died in 1993, and that both Zeb and Stemilee died intestate. The record does not contain evidence of Zeb and Stemilee's deaths or any record of heirship proceedings.

Prior to trial, Daugherty filed a motion to dismiss/plea to the jurisdiction asserting that Ronald did not have standing because he could not prove the facts underlying his claim and that, because Ronald's claim was based in probate, the trial court lacked jurisdiction to hear the case. After a hearing, the trial court granted Daugherty's motion. Ronald's motion to modify judgment, in which he argued that the trial court had jurisdiction and that, even if it did not, the trial court had erred by dismissing the case with prejudice, was overruled by operation of law. This appeal followed.

### III. Plea to the Jurisdiction

In his third issue, Ronald complains that the trial court erred by granting Daugherty's motion.[3] We agree.

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

---

[3]In his remaining issues, Ronald argues that he was denied due process because the visiting judge was not appointed per statutory guidelines; that the trial court abused its discretion by ruling on Daugherty's motion because Ronald had not seen it or had an opportunity to object to it; that the trial court erred by dismissing Ronald's cause of action "with prejudice"; that Ronald was denied due process of law by the trial court's dismissal of his trespass to try title claim; that Ronald was entitled to summary judgment as a matter of law; and that "death penalty sanctions" were warranted against Daughtery.

3

2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The determination of whether a trial court has subject matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied) (op. on reh'g).

We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Miranda*, 133 S.W.3d at 227–28; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 227–28; *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. To prevail on

a plea to the jurisdiction, the defendant must show an incurable jurisdictional defect apparent from the face of the pleadings, making it impossible for any amendment of the plaintiff's petition to confer jurisdiction on the trial court. *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 438, 331 S.W.2d 910, 917 (1960).

## B. Standing

Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445. If a party lacks standing to bring an action, the trial court lacks subject matter jurisdiction to hear the case. *Id.* at 444–45; *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008, no pet.). If a court lacks subject matter jurisdiction in a particular case, then it lacks authority to decide that case. *The M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001).

The requirement of standing is implicit in the open courts provision of the Texas constitution and contemplates access to the courts only for those litigants suffering an injury. *Id.* Standing focuses on the question of who may bring an action, and it is determined at the time suit is filed in the trial court. *Id.*; *Lawler*, 252 S.W.3d at 855. A plaintiff does not lack standing simply because he cannot prevail on the merits of his claim; he lacks standing because his claim of injury is too slight for a court to afford redress. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 305 (Tex. 2008).

Standing to sue may be predicated upon either statutory or common law authority. *Williams v. Lara*, 52 S.W.3d 171, 178–79 (Tex. 2001); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 252 (Tex. App.—Dallas 2005, no pet.). The common law standing rules apply except where standing is statutorily conferred. *SCI Tex. Funeral Servs., Inc. v. Hijar*, 214 S.W.3d 148, 153 (Tex. App.—El Paso 2007, pet. denied) (op. on reh'g). To establish common law standing, a plaintiff must show a distinct injury and a real controversy between the parties that will actually be determined by the judicial declaration sought. *Id.* at 153–54; *see also Inman*, 252 S.W.3d at 304–05 ("For standing, a plaintiff must be personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical.").

## C. Analysis

Daugherty pleaded in its motion to dismiss that Ronald lacked standing to bring his trespass to try title claim and that the district court lacked jurisdiction to hear Ronald's case. Neither ground supports the trial court's order granting Daugherty's motion.

As to Daugherty's assertion that the district court lacked jurisdiction because Ronald's claim was based in probate, Ronald's petition sought title to land. Ronald's asking the court to determine that he was Zeb and Stemilee's heir to establish chain of title does not transform Ronald's trespass to try title claim into a probate cause of action. *See Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex. 1982) ("Any one of a number of facts may determine title or possession, but the

6

cause of action remains the same—trespass to try title."); *see also Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004) (holding that trespass to try title is "the method for determining title to . . . real property"). In a nonprobate case such as a trespass to try title suit, the district court may assume jurisdiction under its general powers over all suits for trial of title to land, proceed to determine heirs of a decedent, and do all things necessary and proper to ascertain the lawful owners of the property.[4] *See Estate of Maxey v. Sparks*, 559 S.W.2d 458, 460 (Tex. Civ. App.—Texarkana 1977, writ ref'd n.r.e.); *see also Jansen v. Fitzpatrick*, 14 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (noting that the district court may assume jurisdiction and determine the heirs of the decedent as long as there is no probate proceeding pending in the county court); *Trevino v. Lerma*, 486 S.W.2d 199, 200 (Tex. Civ. App.—Beaumont 1972, no writ) (finding that the district court had jurisdiction to determine heirship in suit to set aside a deed).

Daugherty also argued that Ronald lacked standing because he had not "provided [the trial] court proof on basic questions of fact or issues, such as" proof that Ronald is who he says he is or that Ronald or Daugherty had any legal right to the "undescribed" property and that "until proof[] of these [legal] facts exist, there is no justiciable issue in [the] case for determination by the [trial]

---

[4]Because Daugherty's motion to dismiss did not challenge venue and because the trial court did not rule on a motion to transfer venue that Daugherty filed early in the case, we do not reach Ronald's argument that venue was proper. *See* Tex. R. App. P. 47.1.

7

[c]ourt. . . . [And] until these facts are established, [Ronald] does not have standing to file suit against [Daugherty]." However, it was not necessary for Ronald to marshal evidence to prove all of the facts underlying his claim. *See Inman,* 252 S.W.3d at 305 ("A plaintiff does not lack standing simply because he cannot prevail on the merits of his claim[.]"). Moreover, the evidence does not support Daugherty's assertion that Ronald lacked standing because he could not prove his identity and could not show his own or Daugherty's legal claim to the land. The record contains (1) a certified copy of unsealed court records proving that Ronald was adopted by Zeb and Stemilee Holleman; (2) a deed showing that Zeb and Stemilee purchased sixty acres of land; (3) a gift deed by which Robert, as "only child" and as heir to Zeb and Stemilee, transferred that land to Johnson; and (4) a warranty deed transferring title to the same land from Johnson to Daugherty. *See Miranda,* 133 S.W.3d at 226; *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555; *see also* Tex. Prop. Code Ann. § 22.002 (West 2000) ("A headright certificate, land scrip, bounty warranty, or other evidence of legal right to located and surveyed land is sufficient to maintain a trespass to title action."); Tex. Prob. Code Ann. §§ 37 ("[W]henever a person dies intestate, all of his estate shall vest immediately in his heirs at law[.]"), 38 (West 2003) (listing children as first-in-line heirs to a decedent that died intestate who was not survived by a husband or wife).

Accordingly, because neither of the grounds that Daugherty pleaded in its motion support the trial court's ruling, we sustain Ronald's third issue.

8

## VI. Conclusion

Having sustained Ronald's third issue, we reverse the trial court's order granting Dougherty's motion and remand for further proceedings consistent with this opinion.[5]  *See* Tex. R. App. P. 47.1.


BOB MCCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED:  June 23, 1011

---

[5]Although, in his seventh issue, Ronald argues that he was entitled to summary judgment as a matter of law, we do not reach this issue as, based on our resolution above, there is no longer a final, appealable order or judgment in this case.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").

In his eighth issue, Ronald requests that we impose death penalty sanctions for Daugherty's alleged discovery violations.  Ronald relies on rule of civil procedure 215 and business and commerce code section 27.01(c) to support his request.  But section 27.01 of the business and commerce code does not apply to Ronald's trespass to try title action.  *See* Tex. Bus. & Com. Code Ann. § 27.01 (West 2010) (creating a cause of action for fraud in a real estate or stock transaction).  Rule 215 authorizes the trial court to enter "just" sanctions for a party's failure to comply with a discovery order or request, but Ronald did not file a motion for sanctions in the trial court.  *See* Tex. R. Civ. P. 215.  And, although Ronald did file a motion to compel discovery, the trial court did not rule on his motion.  *See id*.  Thus, Ronald has not preserved anything for our review, and we overrule his eighth issue.  *See* Tex. R. App. P. 33.1.