**Marvin WADE, Appellant,**

v.

**Eddie Jewel Stevenson JONES and Roy Stevenson, Appellees.**

No. 18643.

Court of Civil Appeals of Texas, Dallas.

June 26, 1975.

Rehearing Denied July 24, 1975.

Greer H. Raggio, Raggio & Raggio, Dallas, for appellant.

Richard E. Whinery, Dallas, for appellees.

GUITTARD, Justice.

Marvin Wade sued Eddie Jewel Jones and Roy Stevenson for $4,990 which he alleges defendants agreed to pay him for a house sold to defendants and moved to their land. Defendants answered and moved for summary judgment on the grounds that the agreement was an oral sale of goods for more than five hundred dollars within the Statute of Frauds, Tex.Bus. & Comm. Code Ann. § 2.201 (Vernon 1968), and that plaintiff had violated certain ordinances of the city of Dallas. Also, defendant Stevenson moved for summary judgment in his favor on the ground that he had made no contract with plaintiff. The trial court sustained the motions and rendered judgment for both defendants, and plaintiff appeals.

We reverse with respect to defendant Jones because we hold that the summary-judgment proof fails to negate fact issues as to whether the Statute of Frauds was inapplicable because of defendant's acceptance of the house, and as to whether the ordinances were inapplicable because the land to which the house was moved was located outside the city of Dallas. We hold also that the illegality of the contract has not been established because the evidence does not show conclusively that the contract could not have been performed in a legal manner. With respect to defendant Stevenson, we affirm the judgment because of the absence of a contract with him.

### Statute of Frauds

In considering applicability of the Statute of Frauds, we assume that the house in question was "goods" as defined in the Code.[1] The provision of the Statute of Frauds in question is found in Tex.Bus. & Comm. Code Ann. § 2.201 (Vernon 1968), as follows:

(a) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .

. . . . .

(c) A contract which does not satisfy the requirements of Subsection (a) but which is valid in other respects is enforceable

. . . . .

(3) with respect to goods . . . which have been received and accepted.

After review of the summary-judgment proof, we hold that an issue of fact is raised as to whether the oral contract was enforceable because of receipt and acceptance of goods, within § 2.201(c)(3). Plaintiff alleged that he furnished the house and

---

1. Tex.Bus. & Comm. Code Ann. § 2.107(a) provides, in part:
 "A contract for the sale of . . . a structure or its materials to be removed from realty is a contract for the sale of goods within this chapter if they are to be severed by the seller . . . .."

the labor to install it on concrete blocks on defendants' land and that defendants accepted this labor and material. He testified in his deposition that he moved part of the structure to defendants' land at the suggestion of defendants' aunt at a time when defendant Jones was in California. Later Jones returned from California and contacted plaintiff by telephone. By agreement, she and plaintiff went to the land, and they looked at the house together. Plaintiff says he priced the part of the house already in place to her for $3,750 and the remainder, which included a double garage, at $1,250. Apparently the total price was later reduced to $4,990. Jones said that she liked the house and wanted it. Accordingly, he moved the remaining part of the house to defendants' land. He testified that defendant Jones appeared to be pleased with it when the garage part was delivered, and that she never made any objection. She discussed with him the employment of a carpenter to do further work on the house and also discussed having a concrete foundation poured for the garage.

At first plaintiff expected payment in cash. Jones talked about getting a loan from a third party because of other work that needed to be done on the house. Later she requested that plaintiff prepare a note for her to sign in favor of plaintiff. Plaintiff had a note and deed of trust prepared by a lawyer and presented them to her about a month or six weeks after their first meeting. According to plaintiff, Jones took the note and said that she would sign it, but never did do so. Plaintiff went back to see her the next day, but could not find her. Some time later, he saw her, and she then told him that she had decided to go back to California. Before this occasion, she had given no indication that she would not pay for the house.

We hold that this evidence is sufficient to raise a fact issue as to whether defendant Jones received and accepted the house within § 2.201(c)(3) and later attempted to repudiate her contract. At least, it shows that Jones did not discharge her burden on the

motion for summary judgment to show absence of a fact issue concerning her receipt and acceptance of the house. Consequently, the summary judgment cannot be supported on this ground.

### City Ordinances

■ We hold also that defendants have failed to establish as a matter of law that the property in question was subject to the ordinances of the city of Dallas. No direct evidence is in the record concerning the location of the corporate limits at the time in question. Plaintiff testified that he was not aware that the property was located in the city of Dallas. He said that he moved the house down Telephone Road to the location in question and did not see any city limit sign, but that there was such a sign "about half a mile further down." Defendants attached to their motion for summary judgment a permit which plaintiff had obtained from the city of Lancaster to move the house in question. This permit shows that the house was to be moved to "Telephone Rd. Dallas, Texas." Defendants also call attention to the proposed note and deed of trust presented to defendant Jones by plaintiff, which describe the land as located in "Block 8325, City of Dallas." These documents do not establish as a matter of law that the land was within the corporate limits. We take judicial notice that a street address may be within or without the corporate limits of the city named. We are unable to determine whether the use of a city block number in describing a tract of land establishes conclusively that the tract has been effectively annexed to the city. Consequently, we hold that a fact issue exists as to whether the ordinances of the city of Dallas were applicable to the property in question.

■ Moreover, even if the land is in the city of Dallas, the summary-judgment proof fails to establish as a matter of law that the contract was illegal. Defendants pleaded the Dallas building code, which requires house movers to be licensed, bonded,

and insured and requires a permit for each building to be moved into the city. Copies of the ordinance were attached to their motion for summary judgment. Although plaintiff admitted in his deposition that he did not obtain from the city of Dallas a permit to move the house to defendants' land, the evidence does not show conclusively that he could not have obtained such a permit or that he could not have performed the contract in a legal manner. A contract which may be performed in a legal manner is not rendered illegal simply because it may have been performed in an illegal manner. *Comeaux v. Mann,* 244 S.W.2d 274, 277 (Tex.Civ.App.—Austin 1951, writ dism'd); *Tubb v. Kramer Bros. Nurseries,* 237 S.W.2d 680, 681 (Tex.Civ.App.—Waco 1951, writ ref'd n. r. e.); *Erminger v. Daniel,* 185 S.W.2d 148, 149 (Tex.Civ.App.—San Antonio 1945, writ ref'd w. o. m.); 6A Corbin on Contracts §§ 1510–1512 (1962); and *see Hennessy v. Automobile Owners' Insurance Ass'n,* 282 S.W. 791, 792 (Tex.Comm'n App.—1926, holding approved).

*Contract with Defendant Stevenson*

█ The motion for summary judgment alleges that plaintiff had no contract with defendant Stevenson. Plaintiff admitted in his deposition that he had no contract with Stevenson. Consequently, the summary judgment with respect to this defendant was proper and is affirmed.

Reversed and remanded with respect to defendant Jones and affirmed with respect to defendant Stevenson.

AKIN, J., not sitting.