# NO. 12-22-00118-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAN EVAN PATE,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CITY OF RUSK, TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jan Evan Pate appeals the trial court's order granting Appellee City of Rusk, Texas's plea to the jurisdiction. In one issue, Pate argues that the trial court erred in granting the City's plea. We reverse and remand.

## BACKGROUND

Pate was hired by Perry Bass to demolish a residential structure located at 156 North Main Street in Rusk, Texas.[1] As part of the consideration for this work, Pate was entitled to receive any building materials he was able to salvage from the structure. On February 22, 2021, Pate applied for and received a demolition permit from the City. The permit allowed him to perform the necessary demolition work on Bass's property. No expiration date or deadline appears on the face of the permit.[2]

Thereafter, Pate began demolition work on the structure and salvaged materials as he did so. In late June 2021, with Pate's demolition of the structure not yet completed, the City sent a

---

[1] The factual background is based on Pate's statements in his original petition, insomuch as those facts are not contradicted by evidence presented in conjunction with the City's plea to the jurisdiction or Pate's response thereto. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

[2] *But see* RUSK, TEX. MUN. CODE § 96.02(B)(11)(b) (demolition operations for which demolition permit has been issued shall be completed within ten days from date work commenced).

crew to the property to complete the demolition of the structure[3] and removed the building materials.[4] After completing the demolition of the structure, the City disposed of the building materials and sent Pate a "Notice of Statement of Costs" for the purported cost of the work to complete the demolition of the structure.

Pate filed the instant suit on September 30, 2021, in which he alleged that the City was liable to him for inverse condemnation. He further sought a declaratory judgment that he was not liable for the cost of the work to complete the demolition of the structure as represented in the Notice of Statement of Costs the City sent him. The City filed a plea to the jurisdiction, to which Pate responded. Ultimately, the trial court granted the City's plea and rendered an order dismissing his causes of action. This appeal followed.

## SUBJECT MATTER JURISDICTION

In his sole issue, Pate argues that the trial court erred in granting the City's plea to the jurisdiction.

### Standard of Review and Governing Law

A plea to the jurisdiction is a dilatory plea by which a party challenges the trial court's subject matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Blue*, 34 S.W.3d at 554. The trial court's ruling on a plea to the jurisdiction is subject to de novo review. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine whether the plaintiff has met that burden by pleading

---

[3] Pate alleges in his petition that the City conducted this demolition without notice to the property owner. In its plea to the jurisdiction, the City attached as an exhibit a letter purporting to demonstrate that both Pate and Bass received notice that the City considered the structure a public nuisance that must be demolished by a stated compliance date of March 8, 2021. However, Pate objected to this unauthenticated exhibit, and the trial court sustained his objection, stating that it would not consider the exhibit.

[4] In his petition, Pate states that the City's demolition workers removed the building materials he "was salvaging." It is unclear from the wording of this allegation whether he alleges that the City's workers removed only building materials comprising the, up to that point, undemolished structure or whether they also removed those materials as well as the building materials salvaged by Pate during his partial demolition of the structure.

facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Id.* at 226. In so doing, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* at 226, 228. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, then the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Miranda*, 133 S.W.3d at 226–27. On the other hand, if the pleadings affirmatively negate the existence of the trial court's jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 226–27.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues, just as the trial court is required to do. *Id.* at 227. When a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court will review the relevant evidence to determine whether a fact issue exists. *Id.* at 227. If the evidence presents a jurisdictional fact question, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id.* at 228. If, however, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the plea to the jurisdiction may be ruled on as a matter of law. *Id.*

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *See id.* at 224; *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *see also Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (political subdivisions of the state, including cities, are entitled to such immunity—referred to as governmental immunity—unless it has been waived).[5] Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224.

---

[5] For ease of reference, we will, at times, use the term "sovereign immunity" to reference both sovereign immunity and governmental immunity. *See Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 n.1 (Tex. 2006).

**Inverse Condemnation - Standing**

We first consider Pate's cause of action for inverse condemnation. There is a clear and unambiguous waiver of immunity from suit for inverse-condemnation claims within the ambit of Article I, Section 17 of the Texas Constitution (hereinafter Takings Clause). *See* TEX. CONST. art. I, § 17 (West Supp. 2021). Therefore, governmental immunity does not shield the City from a claim for compensation under the Takings Clause. *See id.*; *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Kirby Lake Dev. v. Clear Lake City Water*, 321 S.W.3d 1, 5 (Tex. App.–Houston [14th Dist.] 2008), *aff'd sub nom.*, 320 S.W.3d 829 (Tex. 2010).

The Takings Clause mandates that no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. *See* TEX. CONST. art. I, § 17. Generally, governmental entities compensate property owners before appropriating their property, either by paying a mutually agreed price or by paying the value as determined in a statutory condemnation proceeding. *See Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex. 1992); *Kirby Lake Dev.*, 321 S.W.3d at 5. If, however, these entities appropriate property without paying adequate compensation, the property owner may recover the resulting damages through an inverse-condemnation claim. *See Kirby Lake Dev.*, 321 S.W.3d at 5. An inverse condemnation may occur when a governmental entity physically appropriates or invades the property, or when it unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development. *See id.* To properly assert an inverse-condemnation claim against a governmental entity, a party must plead the following elements: (1) the governmental entity intentionally performed an act in the exercise of its lawful authority; (2) that resulted in the taking, damaging, or destruction of the party's property; (3) for public use. *City of Midlothian v. Black*, 271 S.W.3d 791, 799 (Tex. App.–Waco 2008, no pet.).

Here, the City argues that because Pate was not the owner of the property at issue, he lacks standing to bring suit for inverse condemnation. A plaintiff must have both standing and capacity to bring a lawsuit. *Coastal Liquids Transp. L.P. v. Harris Cty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001); *R&R White Family Ltd. P'ship v. Jones*, 182 S.W.3d 454, 457 (Tex. App.–Texarkana 2006, no pet.). Standing is implicit in the concept of subject matter jurisdiction, which is essential to the authority of a court to decide a case. *See Tex. Ass'n of*

***Bus. v. Tex. Air Control Bd.***, 852 S.W.2d 440, 443–44 (Tex. 1993). Subject matter jurisdiction is never presumed and cannot be waived. ***Id.***

The general test for standing in Texas requires that there (1) shall be a real controversy between the parties, which (2) will be actually determined by the judicial declaration sought. *See* ***Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.***, 925 S.W.2d 659, 662 (Tex. 1996) (citing ***Tex. Air Control Bd.***, 852 S.W.2d at 446). Standing pertains to a person's justiciable interest in a suit and is a component of subject matter jurisdiction. *See* ***Tex. Air Control Bd.***, 852 S.W.2d at 443, 445–46. A controversy is justiciable only if there exists a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *See* ***Bonham State Bank v. Beadle***, 907 S.W.2d 465, 467 (Tex. 1995).

Pate argues that his agreement with Bass resulted in his ownership of the salvaged building materials. To have standing to sue for inverse condemnation, a party must have a property interest at the time of the alleged taking. ***Tex. S. Univ. v. State St. Bank & Tr. Co.***, 212 S.W.3d 893, 903 (Tex. App.–Houston [1st Dist.] 2007, pet. denied). Not any property interest will do; that interest must have risen to the level of a vested right. ***Id.*** A vested property right is one that has some definitive, rather than merely potential, existence. *See* ***id.***; *see also* ***Garcia v. City of Willis***, 593 S.W.3d 201, 210 (Tex. 2019) (plaintiff had standing to pursue constitutional takings claim for retrospective relief based on imposition of fines imposed related to statute authorizing use of red-light cameras).

In this case, whether Pate has an interest in the salvaged building materials at issue is determined by the terms of his agreement with Bass. The City argues that an ordinance establishes that Pate's permit to conduct demolition operations on the property expired ten days after it issued.[6] Thus, it contends that because he did not apply for another permit after the initial permit expired, any subsequent demolition operations on the property amounted to his operating under an illegal contract, which is void. Therefore, the City proposes that any such unpermitted operations could not result in Pate's having a vested, contractual interest in the salvaged building materials yielded thereby. We disagree.

---

[6] The City also argues, without citation to authority, that Pate's failure to apply for another permit after his original permit expired amounts to a failure to exhaust administrative remedies on his inverse condemnation claim. We have found no authority to support and, thus, cannot conclude that an action Pate declined to take prior to the taking he alleges occurred amounts to a failure to exhaust an administrative remedy.

A contract to do a thing which cannot be performed without violation of the law violates public policy and is void. *See Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.–San Antonio, 2003, no pet.). The purpose behind the principle is to benefit and protect the public, not to punish or protect a party to the contract. *Id.* If the illegality does not appear on the contract's face, a court will not find it void unless facts showing the illegality are before the court. *See Chi Hung Luu*, 312 S.W.3d at 945. Importantly, if the parties could perform the contract in a legal manner, the contract is not void merely because the parties may have performed the contract in an illegal manner or committed illegal acts in carrying out the contract. *See id.* at 945–46; *Denson v. Dallas Cty. Credit Union*, 262 S.W.3d 846, 852 (Tex. App.–Dallas 2008, no pet.).

In our consideration of Pate's first issue, the Dallas Civil Court of Appeals' opinion in *Wade v. Jones* is instructive. *See Wade v. Jones*, 526 S.W.2d 160 (Tex. Civ. App.–Dallas 1975, no writ.). There, the plaintiff sued for the recovery of the agreed price for a house he sold to the defendants and moved to their land. *See id.* at 161. A Dallas city ordinance, which required house movers to be licensed, bonded, and insured, also required a permit for each building moved into the city. *See id.* at 162–63. The defendants alleged the contract was illegal because the plaintiff did not obtain a permit from the city to move the house. *See id.* at 163. The court of appeals concluded that the illegality of the contract had not been established as a matter of law because the evidence did not show the plaintiff could not have obtained a permit or that he could not have performed the contract in a legal manner. *See id.*

In the instant case, as the City acknowledges in its brief, Pate could have applied for another demolition permit. As such, his agreement with Bass is not rendered void due to the expiration of his demolition permit. *See id.* Moreover, whether Pate engaged in demolition operations while the permit was valid, does not affect whether his contractual interest in the salvaged building materials vested. *See id.*

Pate's pleadings are relatively vague regarding the terms of his agreement with Bass. What we reasonably can surmise from his pleadings is that he began demolition operations on the property after he received the demolition permit on February 22, 2021, and that between that time and late June 2021, he partially demolished the residential structure at issue and salvaged building materials as he did so. Of course, despite the fact that Pate salvaged the materials as he conducted demolition operations, he only had a vested interest in these already-salvaged

materials as long as the terms of his agreement with Bass permitted Pate to "receive," i.e., assume ownership of, the materials as he salvaged them rather than only entitling him to receive the salvaged materials upon completion of the demolition of the structure.[7]  Neither Pate's pleadings, nor the evidence presented to the trial court in conjunction with the City's plea and Pate's response thereto, answer this question critical to the issue of Pate's standing as an inverse-condemnation plaintiff.  Nonetheless, we conclude that this deficiency in Pate's pleading potentially could have been corrected had the trial court afforded him the opportunity to amend his pleadings.  *See Holland*, 221 S.W.3d at 643.  Therefore, because the jurisdictional pleading deficiencies on Pate's inverse-condemnation cause of action, though deficient, potentially could have been corrected by more specific allegations regarding the terms of Pate's agreement with Bass, we hold that the trial court erred in granting the City's plea to the jurisdiction on this cause of action.

**Declaratory Judgment - Mootness and Exhaustion of Administrative Remedies**

In his petition, Pate sought a declaratory judgment that "he does not owe the [City] anything and is not required to pay the 'Notice of Statement of Costs' the [City] sent to [him] because such an assessment is not permitted by either the [City's] municipal ordinances, or by Texas state law."  *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2020).

In response to the City's plea, Pate submitted the Notice of Statement of Costs as an exhibit.  We note that the notice is addressed to Pate in his individual capacity, but the property is described as being under his "custody, control, and care."  It sets forth the total amount purportedly owed by Pate as $4,555.74 and states that the outstanding balance must be paid in full by July 27, 2021.  The City argues that the trial court properly dismissed Pate's declaratory judgment action as moot because the Notice of Statement of Costs mistakenly was sent to Pate instead of the property owner.

The mootness doctrine implicates subject matter jurisdiction.  *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.–Dallas 2010, no pet.).  For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings.  *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).  If a controversy ceases to exist—"the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—

---

[7] We cannot interpret Pate's pleadings to describe a scenario in which he had a vested interest in the not-yet-salvaged building materials remaining in the structure when the City undertook its own demolition operations.

the case becomes moot. *Id*. If a case becomes moot, the parties lose their standing to maintain their claims. *Woodfield*, 305 S.W.3d at 416. In rare circumstances, an exception to the mootness doctrine exists when a plaintiff proves that (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Williams*, 52 S.W.3d at 184.

A plaintiff who seeks a declaratory judgment must show an actual or threatened injury and that the declaration sought will resolve the controversy. *Id.*; *see Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004); *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 707–08 (Tex. 2001). If he cannot show an actual or threatened injury, then his claims for a declaratory judgment must be dismissed. *See Groden*, 550 S.W.3d at 722.

### Stipulation

Here, Pate argues that the claim is not moot because the City has declined to stipulate that he does not owe the amount set forth in the statement of costs addressed to him. The City states in its brief as follows:

> [T]he City understands that the property owner is the responsible party. No collection activity has been or will be initiated against Pate because Pate has no interest in the property. The City procedure in place is [to] send the relevant Notice to the person who requested the permit because that person is typically the owner of the property. In this case that happened to not be true. The City has repeatedly agreed that it has no cause to seek any collection from Pate for completing the demolition because he had no interest in the property that was removed. It has done so both in and out of Court.

Yet, on the heels of this apparent concession, the City continues,

> Pate is actively arguing that he was the owner of property taken to establish his standing to validate the claims he has brought against the City related to inverse condemnation and asserting an active interest in the relevant property; and, yet, at the same time arguing in his declaratory relief claim that he is seeking the Court to declare that he is not legally responsible to pay the fees reflected in the Notice for the completion of the demolition of the residence. Pate is asking this Court to allow him to proceed with diametrically opposed claims. Either he has an ownership interest in the property that was taken or he does not. The City *will* gladly stipulate that Pate is not personally responsible for the fees contained in the relevant notice [(emphasis added)].

In its plea to the jurisdiction, the City chose similarly equivocal language, stating, that it "does not *currently* seek any personal payment for the abatement described in the Notice of Statement of Costs" against Pate (emphasis added). The matter was addressed at the hearing on the City's

8

plea, and its attorney's repeated statements on the question of whether it would withdraw its Notice of Statement of Costs likewise fell short of anything amounting to a definitive stipulation.

A stipulation is a type of judicial admission, it must be a clear, deliberate, and unequivocal statement. *See **Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.***, 936 S.W.2d 275, 278 (Tex. 1996). Based on our review of the record and the City's brief on appeal, we conclude that the City has not adequately stipulated that Pate is not liable for the amount he purportedly owed in the Notice of Statement of Costs addressed to him. Therefore, Pate's declaratory judgment cause of action against the City is not moot and the trial court erred in granting the City's plea on this basis.

*Exhaustion of Administrative Remedies*

The City further argues that Pate failed to exhaust an available administrative remedy prior to seeking this declaratory judgment. The governing body of a municipality may enforce each rule, ordinance, or police regulation of the municipality and may punish a violation of a rule, ordinance, or police regulation. TEX. LOC. GOV'T CODE ANN. § 54.001 (West 2021). City of Rusk Municipal Code, Section 96.15 provides, "An offender may contest [a] citation by completing an administrative appeal form and returning it to the City Clerk within ten days from the issuance of the administrative citation." *See* RUSK, TEX. MUN. CODE § 96.15(A). It further provides that "[i]f the offender files a timely request for review, the requirement to pay the fine shall be suspended and the payment of the fine, if any, shall be in accordance with the decision of the Review Officer." *See **id.*** 96.15(B).

When the legislature has provided a method of administrative review, a complainant must exhaust administrative remedies before filing suit. *See **City of Houston v. Williams***, 99 S.W.3d 709, 714 (Tex. App.–Houston [14th Dist.] 2003, no pet.). Here, it is undisputed that Pate did not appeal the Notice of Statement of Costs he received. However, a plaintiff is permitted immediate access to Texas courts when, among other reasons, administrative remedies are inadequate. *See **id.***

As set forth above, Section 96.15 provides that, upon appeal, "payment of the fine, *if any*, shall be in accordance with the decision of the Review Officer." *See* RUSK, TEX. MUN. CODE § 96.15(B) (emphasis added). In the instant case, Pate's position is that he is not liable for the costs assessed because he is not the real property owner of record. Thus, had he filed an administrative appeal under Section 96.15(A), the review officer could have determined that the

amount set forth in the Notice of Statements of Costs should be zero, removing the burden of the fine set forth in the Notice of Statement of Costs and obviating the need for Pate to seek a declaratory judgment related thereto. It is apparent from the plain language of the ordinance that it provides an appeal to dispute the amount claimed to be owed, which is the basis of Pate's declaratory judgment cause of action. Therefore, because the administrative appeal under Section 96.15 was adequate to resolve the dispute that is the subject of Pate's declaratory judgment cause of action, we conclude that he was required to exhaust such an administrative remedy before filing suit on that basis. *See **Williams***, 99 S.W.3d at 714. Therefore, because Pate did not exhaust this available administrative remedy, we conclude that the trial court did not err in granting the City's plea on that basis.

## Summation

The jurisdictional pleading deficiencies on Pate's inverse condemnation cause of action potentially could have been corrected by more specific pleadings regarding the terms of Pate's agreement with Bass, and the demolition permit process did not amount to an administrative remedy he was required to exhaust before filing suit for inverse condemnation. Furthermore, Pate's declaratory judgment cause of action is not moot, but the administrative appeal remedy available to Pate, which was adequate to resolve the matter at issue, was not exhausted. Therefore, we hold that the trial court erred in granting the City's plea to the jurisdiction on Pate's inverse-condemnation cause of action, but properly granted the City's plea on Pate's declaratory judgment cause of action. Pate's sole issue is sustained in part and overruled in part.

## DISPOSITION

Having sustained Pate's sole issue in part, we *reverse* the trial court's order of dismissal of his inverse-condemnation cause of action and *remand* that cause for further proceedings consistent with this opinion. Having overruled the remainder of Pate's sole issue, we *affirm* the trial court's order of dismissal of his declaratory judgment cause of action.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2022**

**NO. 12-22-00118-CV**

**JAN EVAN PATE,**
Appellant
V.
**CITY OF RUSK, TEXAS,**
Appellee

---

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 2021-09-0267)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the trial court's order of dismissal of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the trial court's order of dismissal of Pate's inverse-condemnation cause of action be **reversed** and the cause **remanded** to the trial court **for further proceedings** consistent with this opinion in accordance with the opinion of this Court; that the remainder of the trial court's order of dismissal be **affirmed;** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

11